IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RYAN CHASE FOX,<br><br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO VACATE CONVICTION**<br><br>Case No.  2:15-cv-553-CW<br><br>*Related Case*: 2:10-cr-991<br><br>Judge Clark Waddoups |

  Petitioner Ryan Chase Fox, acting pro se, moves the court under 28 U.S.C. § 2255(h)(i) to vacate his conviction on the ground of newly discovered evidence.  Mr. Fox was convicted under 18 U.S.C. § 2251(a) for the production of child pornography and sentenced to a mandatory minimum sentence of 300 months imprisonment and lifetime supervision.  Mr. Fox argues that Section 2251(a) is invalid because Congress (1) acted on H.R. 5560 without the presence of a quorum, and (2) improperly presented "dead" legislation to the President for signature.

  Mr. Fox asserts the controlling bill at issue is H.R. 5560 that was enacted on November 7, 1986.  He presents evidence that the House adjourned *sine die* on October 18th in 1986 and the Senate adjourned *sine die* on October 20th.  Exhibits 4 and 5 (Dkt. No. 1).  The leadership of the House and Senate then signed the enrolled bill on October 29, 1986.  Because both houses had already adjourned, Mr. Fox contends the bill was passed without the presence of a quorum and is therefore invalid.  The signed bill was then presented to the President, which Mr. Fox contends further compounded the issue because the President was presented "dead" legislation.

Mr. Fox mixes the concepts of passing legislation and signing legislation. H.R. 5560 was considered and passed on September 29, 1986 by the House. On October 18, 1986, the bill was considered and passed by the Senate. Congress was therefore in session when the bill was considered and duly authorized to pass it.

Once a bill has been properly passed, the signing of it may occur after adjournment. *See Mester Mfg. Co. v. I.N.S.*, 879 F.2d 561, 571 (9th Cir. 1989) (stating "ministerial acts of examination, enrollment, and presentment may unquestionably be delegated by Congress to its leadership . . . and that these delegated acts may be performed even when Congress stands adjourned *sine die*"); *see also United States v. Kapsalis*, 214 F.2d 677, 679-83 (7th Cir. 1954) (same). The court therefore concludes signing H.R. 5560 after adjournment did not violate the quorum requirements. Because no violation occurred with the signing, the legislation was not "dead" and could lawfully be presented to the President.

Mr. Fox's Petition fails on another ground as well. As stated above, Mr. Fox contends the controlling bill at issue is H.R. 5560. All of the evidence and argument submitted by him pertains to passage of that piece of legislation in 1986. Section 2251, however, did not originate as H.R. 5560. Rather, Section 2251 was enacted on February 6, 1978 as Public Law 95-225. It was amended on May 21, 1984. *See* Pub. L. 98-292. On November 7, 1986, it was amended again by H.R. 5560. The 1986 amendment modified Section 2251(a) by inserting the prohibition against transporting a minor in interstate commerce with the intent that the minor engage in sexually explicit conduct. *See* Pub. L. 99-628, § 3.

Mr. Fox entered a plea of guilty to Count I of the Indictment. *See* Judgment (Dkt. No. 39 in Case No. 2:10-cr-991). Although Count I addresses production of child pornography and transportation of visual depictions across state lines, the Count did not involve the actual

transportation of a minor in interstate commerce.  *See* Indictment (Dkt. No. 1 in Case No. 2:10-cr-991).  Accordingly, H.R. 5560 is inapplicable to this case and does not impact the portion of Section 2251(a) under which Mr. Fox was convicted.

  For each of these reasons, the court DENIES Mr. Fox's Motion to Vacate his conviction. (Dkt. No. 1).  Because the Petition is rejected as being without merit, the court concludes Mr. Fox has failed to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and declines to issue a Certificate of Appealability.  The Clerk is directed to enter judgment in favor of the United States and against Petitioner Ryan Chase Fox in accordance with this ruling.

 SO ORDERED this 27th day of April, 2016.

           BY THE COURT:

           _____
           Clark Waddoups
           United States District Judge